# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08MJ1942 |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| ESMERALDA GALLEGOS, | |
| Defendant. | |

HAYES, Judge:

The matter before the court is the Motion to revoke Magistrate Judge Porter's pre-trial release order and to detain defendant pending trial filed by the Plaintiff United States of America. (Doc. # 5).

## BACKGROUND

On June 23, 2008, Defendant Esmeralda Gallegos was arrested at the San Ysidro Port of Entry after an inspection of her vehicle revealed 20.85 kilograms (45.97 pounds) of methamphetamine concealed in a non-factory compartment. The Statement of Facts in support of the Complaint states that the Defendant was the driver and sole occupant of the vehicle and that the Defendant told the Customs and Border Protection Officer conducting pre-primary roving operations that she was the registered owner of the vehicle and purchased the vehicle approximately six months ago.

On June 24, 2008, Defendant made her initial appearance before the United States

1 Magistrate Judge in accordance with Rule 5 of the Federal Rules of Criminal Procedure. The
2 Government moved for detention on the grounds that the Defendant was a flight risk. The
3 Government relied upon the large quantity of drugs, the seriousness of the charges, and
4 Defendant's past history of failures to appear. In the alternative, the Government requested
5 the Court set bail at one million dollars secured by real property.

6 Defendant asserted that her detention was not required and that a one hundred thousand
7 dollar bond secured by real property would be adequate to assure her appearance based upon
8 her ties to the community and her lack of criminal history.

9 The Magistrate Judge denied the motion to detain by the Government and ordered
10 release upon conditions including the Defendant's participation in GPS monitoring program
11 and a personal appearance bond in the amount of one hundred thousand dollars secured by real
12 property. The Magistrate Judge stayed the order on bond for 48 hours so the Government may
13 pursue an appeal.

## CONTENTIONS OF PARTIES

15 The Government moves this court pursuant to 18 U.S.C. Section 3145(a)(1) to revoke
16 the pre-trial release order issued by the Magistrate Judge and to detain the Defendant or, in the
17 alternative, to amend the release order to set bond at one million dollars.  The Government
18 contends that the Defendant has not rebutted the statutory presumption in Section 3142(e), and
19 that the Defendant should be detained on the grounds that she is a flight risk. The Government
20 relies upon the lengthy term of imprisonment that the Defendant is facing and the gravity of
21 the crime she is charged with committing. The Government contends that the Defendant has
22 family ties in Mexico and has failed to appear on misdemeanor convictions in the past. The
23 Government further asserts that the Defendant has been arrested on two prior occasions in
24 1997 and in 2005 for smuggling illegal aliens at the port of entry. The Government asserts that
25 the Defendant has a history of violating court orders and the laws of the United States.

26 Defendant asserts that she has no incentive to leave the United States. Defendant
27 asserts that she is a United States citizen, that she has lived in the United States her entire life,
28 and that she has four children who are United States citizens. Defendant asserts that she has

1 rebutted the statutory presumption in 18 U.S.C. § 3124(e) and that the combinations of
2 conditions set by the order of the Magistrate Judge are adequate to assure her appearance.

## APPLICABLE LAW

4       18 U.S.C. Section 3142(c) mandates release of a person facing trial under the least
5 restrictive condition or combination of conditions that will reasonably assure the appearance
6 of the person as required. Only in rare circumstances should release be denied, and doubts
7 regarding the propriety of release should be resolved in the defendant's favor. *United States*
8 *v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

9       The Government bears the burden of showing a flight risk by a preponderance of the
10 evidence and a danger to the community by clear and convincing evidence. *United States v.*
11 *Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). 18 U.S.C. § 3124(g) specifies factors that the
12 court should consider when determining whether there are conditions of release that will
13 reasonably assure the defendant's appearance and the community safety: (1) the nature and
14 seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3)
15 the defendant's character, physical and mental condition, family and community ties, past
16 conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and
17 seriousness of the danger to any person or the community that would be posed by the
18 defendant's release. *Id.* Of these factors, the weight of the evidence is the least important, and
19 the statute neither requires nor permits a pretrial determination of guilt. *United States v.*
20 *Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

21       The Court must first determine whether to release the defendant on her own
22 recognizance or on an unsecured appearance bond. If not so released, the Court must consider
23 release based upon the conditions in Section 3142(c). If the defendant is found to be a flight
24 risk or a danger to the community, the defendant may be released subject to conditions. Section
25 3142(c) specifically prohibits the court from "impos[ing] a financial condition that results in
26 the pretrial detention of the [defendant]. Section 3142(c)(2). In *United States v. Fiedler*, 419
27 F.3d 1026, 1028 (9th Cir. 2005), the Court of Appeals explained that "[t]his provision was
28 intended to prevent the practice of 'de facto preventative detention,' where a judge could in

effect issue a detention order without a proper finding of risk of flight or danger to the community by granting bail but setting an exorbitant financial condition that the defendant could not meet." However, the Court of Appeals explained that "the de facto detention of a defendant under these circumstances does not violate § 3142(c)(2) if the record shows that the detention is not based solely on the defendant's inability to meet the financial condition, but rather on the district court's determination that the amount of the bond is necessary to reasonably assure the defendant's attendance at trial or the safety of the community. This is because, under those circumstances, the defendant's detention is 'not because he cannot raise the money, but because without the money, the risk of flight [or danger to others] is too great." *Id*. quoting *United States v. Jessup,* 757 F.2d 378, 389 (1st Cir. 1985) *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990).

## RULING OF THE COURT

Defendant is charged in a complaint with knowingly and intentionally importing approximately 20.85 kilograms of methamphetamine in violation of Title 21, United States Code, Sections 952 and 960 which provides a ten-year mandatory minimum sentence and a maximum sentence of life imprisonment. Pursuant to 18 U.S.C. Section 3142(e), "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed [the] offense...". This statutory presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the Government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

The Court finds that the statutory presumption in Section 3142(e) that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required applies in this case. The Court concludes that the Government has shown by a preponderance of the evidence that the Defendant is a flight risk. Defendant is charged with importation of a very significant amount of a dangerous drug and she is facing a lengthy period of incarceration. Defendant is not employed and she has two prior failure to appear charges in

1  prior court matters.

2      Having found that the Defendant is a flight risk, the court may release the Defendant subject to conditions which would reasonably assure her appearance. Defendant has demonstrated strong family ties in the Southern California area. Counsel for the Defendant asserts that family members are willing to assist with bond. This Court concludes that the personal assurance bond in the amount of one hundred thousand dollars is not adequate to reasonably assure this Defendant's attendance at future court proceedings. The Court concludes that the risk of flight is too great with the bond set at one hundred thousand dollars. The Court concludes that the conditions of pretrial release set by the Magistrate Judge amended to increase the personal appearance bond from one hundred thousand dollars to two hundred and fifty thousand dollars are adequate to assure the Defendant's appearance at future court appearances.

    IT IS HEREBY ORDERED that the Government's Motion to revoke Magistrate Judge's pre-trial release order and to detain defendant pending trial filed by the Plaintiff United States of America. (Doc. # 5) is denied.

    IT IS FURTHER ORDERED that the ORDER AND CONDITIONS OF PRETRIAL RELEASE: BAIL entered by the Magistrate Judge on June 27, 2008 is amended to increase the personal appearance bond from one hundred thousand dollars to two hundred and fifty thousand dollars and to require that the Defendant surrender her passport to pretrial services prior to her release. All other conditions of release in the ORDER AND CONDITIONS OF PRETRIAL RELEASE: BAIL entered by the Magistrate Judge on June 27, 2008 shall remain in effect.

DATED: July 8, 2008

                                                **WILLIAM Q. HAYES**
                                                United States District Judge